21-2791-cr
United States v. Cotto

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-three.

PRESENT:   RAYMOND J. LOHIER, JR.,
                       STEVEN J. MENASHI,
                       BETH ROBINSON,
                                *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

     v.                                                                    No. 21-2791-cr

EDDIE COTTO, AKA EDDIE DIAMOND,

       *Defendant-Appellant*. *

-----------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: BRIAN A. JACOBS (Raymond Moss, *on the brief*), Morvillo Abramowitz Grand Iason & Anello PC, NY, NY

FOR APPELLEE: REBECCA T. DELL, Assistant United States Attorney (David M. Abramowicz and Emily A. Johnson, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, NY, NY

Appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Eddie Cotto appeals from a judgment of conviction entered on November 5, 2021 by the United States District Court for the Southern District of New York (Rakoff, J.). After a jury trial, Cotto was found guilty of conspiracy to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, as well as four substantive drug distribution offenses, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which

2

we refer only as necessary to explain our decision to affirm.

I.    The Admission of Coconspirator Statements

Cotto first argues that the District Court erred when it admitted, pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, the statements made by Cotto's coconspirator, Ervin Ortiz, to a confidential government source ("CS-1"). As relevant here, Ortiz told CS-1 that the police's seizure of 29.1 grams of heroin from a janitor's closet the night before was "a big loss" because "that was the week's worth" of drugs and that the drugs seized when Cotto was arrested—9.9 grams of heroin—were enough "for 3 days, 2 days."  App'x at 893.

To admit a statement made by a coconspirator during and in furtherance of the conspiracy under Rule 801(d)(2)(E), the district court must find "by a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." United States v. Coppola, 671 F.3d 220, 246 (2d Cir. 2012) (quotation marks omitted); see also Fed. R. Evid. 801(d)(2)(E).

Cotto challenges only the third element, arguing that Ortiz's description of the drug seizure to CS-1 was not "in furtherance of" the conspiracy.  "Statements

3

in furtherance of a conspiracy prompt the listener . . . to respond in a way that promotes or facilitates the carrying out of a criminal activity." United States v. Desena, 260 F.3d 150, 158 (2d Cir. 2001) (quotation marks omitted). "[S]tatements relating past events meet the in-furtherance test if they serve some current purpose in the conspiracy, such as to promote cohesiveness, or to provide reassurance to a coconspirator." United States v. Thai, 29 F.3d 785, 813 (2d Cir. 1994) (cleaned up). "[I]dle chatter," a "casual conversation about past events," United States v. Lieberman, 637 F.2d 95, 102–03 (2d Cir. 1980), or a "merely narrative declaration," United States v. Blackmon, 839 F.2d 900, 913 (2d Cir. 1988) (quotation marks omitted), may not be admitted under this rule, see United States v. Goodman, 129 F.2d 1009, 1013 (2d Cir. 1942). "We review the . . . admission of such evidence only for clear error." United States v. Mandell, 752 F.3d 544, 552 (2d Cir. 2014) (quotation marks omitted).

The District Court did not clearly err in admitting the challenged statements. "To the extent that there may be more than one permissible view as to [the declarant's] purpose in making the [challenged statements], the district court's determination that the statements . . . were made in furtherance of the conspiracy was a choice between or among permissible inferences and hence

4

cannot be deemed clearly erroneous." United States v. Gupta, 747 F.3d 111, 126–27 (2d Cir. 2014). Here, Ortiz's description of the raid and the drug seizures to CS-1 could plausibly be viewed as intended to reassure a customer of the conspiracy's ongoing drug operations and thus prompt CS-1 "to continue trusting and buying from the drug crew." Gov. Br. 27.[1]

## II. The Sufficiency of the Evidence

Cotto challenges the District Court's order denying his Rule 29 motion addressing the sufficiency of the evidence at trial. He argues that, even if we considered Ortiz's statement, the evidence was insufficient to establish that his offense involved 100 grams or more of heroin. Because Cotto concedes that the Government proved that the offense involved 79 grams of heroin, the question is whether there was sufficient evidence for the jury to find that his offense involved an additional 21 grams of heroin.

"We review de novo a district court's order denying a Rule 29 motion addressing the sufficiency of the evidence." United States v. Klein, 913 F.3d 73, 78 (2d Cir. 2019). In so doing, "we must view the evidence in the light most

---

[1] Because we find that the District Court did not err in admitting Ortiz's statement pursuant to Rule 801(d)(2)(E), we need not, and do not, address whether the penal interest exception would also apply.

5

favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." United States v. Martoma, 894 F.3d 64, 72 (2d Cir. 2017) (quotation marks omitted). "The quantity of drugs involved in a violation of § 841(b)(1)(B) is an element of the charged offense." United States v. Pauling, 924 F.3d 649, 655 (2d Cir. 2019). To prove that element beyond a reasonable doubt, "the government must introduce specific evidence of drug quantities, or evidence from which quantity can, through inference, be logically approximated or extrapolated." Id. at 657.

The District Court found that the evidence was "much more than sufficient to permit the jury to reasonably infer that, during the over 52-week period of the charged conspiracy, the defendant conspired to sell at least 21 grams— approximately a week's worth—of additional heroin." Spec. App'x 5. We agree. In particular, the jury could reasonably have relied upon Ortiz's statement that the 29 grams of heroin was "the week's worth" of drugs, along with evidence demonstrating that the conspiracy had a much longer duration than one week, to support an inference that the conspiracy distributed that amount on a weekly basis, or at least on some weeks. Testimony from two other witnesses also

6

support the jury's quantity determination.  First, Luis Torres stated that he saw Cotto and his coconspirators selling drugs in and around the building "[a]lmost every day" between May 2017 and June 2018.  App'x 131.  In addition, Joseph Llanos testified that Cotto's crew sold heroin on a regular basis (including to him) and that he observed a stash of bundles of heroin in a janitor's closet in the building while he was with a member of Cotto's organization.  Finally, the jury heard Cotto's own recorded statement to CS-1 that he and his coconspirators were "here every day," working for several hours.  App'x 861.  This evidence, viewed in the light most favorable to the Government, is sufficient to support the inference that the conspiracy involved at least 100 grams of heroin.  See Pauling, 924 F.3d at 657–59.

III.    Procedural Unreasonableness

Cotto also argues that his sentence was procedurally unreasonable because the District Court erred in finding that he was a leader of the conspiracy, after questioning him in violation of his Fifth Amendment rights.  "We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard."  United States v. Singh, 877 F.3d 107, 115 (2d Cir. 2017) (quotation marks omitted).

7

First, Cotto argues that the District Court violated his Fifth Amendment rights during the sentencing proceeding. We disagree. The District Court offered Cotto an opportunity to speak, "if he wishes to be heard." App'x 1107; see Fed. R. Crim. P. 32(i)(4)(A)(ii). Cotto chose to make a short statement. When Cotto refused to answer one of the District Court's subsequent questions and invoked his Fifth Amendment right instead, the District Court explained that Cotto "ha[d] a Fifth Amendment right not to answer my questions" and that it was "not going to infer anything negative from his invocation of the Fifth." App'x 1008. The District Court added that "in determining what weight to give what [Cotto] is saying, an absence of information may make that more difficult for me to assess," id., but we detect no error in the District Court's questioning or explanation.

Second, Cotto argues that the District Court failed to make required factual findings to support its conclusion that he was a leader in the conspiracy in determining "what sentence should be imposed." App'x 1090. At sentencing, the District Court reviewed the Government's evidence of Cotto's leadership role introduced at trial and carefully considered the arguments from both parties on the issue. It then determined that there was sufficient "evidence at trial" to find

8

that Cotto "was the leader" of the conspiracy, App'x 1100, and that Cotto's leadership role was relevant to its assessment of the sentencing factors in 18 U.S.C. § 3553(a), see App'x 1090.  After reviewing the trial record and the transcript of the sentencing proceeding, we find no clear error in the District Court's finding that Cotto had a leadership role in the conspiracy under § 3553(a).

We have considered Cotto's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court